EDWIN B. CHILLINGWORTH v. MARTIN PENCE, JUDGE OF THE CIRCUIT COURT OF THE THIRD CIRCUIT, TERRITORY OF HAWAII, AND TOM OKINO, COUNTY ATTORNEY OF THE COUNTY OF HAWAII ACTING AS DEPUTY ATTORNEY GENERAL OF THE TERRITORY OF HAWAII.

No. 2710.

ARGUED JUNE 7, 1948.                    DECIDED JUNE 28, 1948.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* The writ in this case seeks to prohibit the Honorable, the Judge of the Circuit Court of the Third Circuit, and the Honorable, the County Attorney of Hawaii County, from taking further proceedings against the petitioner to revoke the suspension of his sentence and terminate the period of his probation in two criminal cases lately pending in the circuit court of the third circuit, in which the petitioner was the defendant. In both cases execution of the sentence imposed was suspended in part and the defendant placed on probation pursuant to the provisions of Revised Laws of Hawaii 1945, section 10843. While the defendant was on probation, the third circuit court, the court having jurisdiction of the case under the power and authority reposed in it by Revised Laws of Hawaii 1945, section 10846, terminated the period of probation and proceeded to cause the sentence theretofore imposed to be executed. The defendant prosecuted a writ of error to review the order terminating probation.

While the writ of error so prosecuted by the defendant, the petitioner in this case, was pending in this court, the

county attorney of Hawaii County filed a motion in the circuit court of the third circuit again praying that the probation of the defendant, petitioner herein, be revoked upon grounds other and in addition to those upon which probation had previously been revoked. The court was about to act upon said motion when the temporary writ of prohibition was issued by this court.

Upon submission of the writ of error in this court the same was dismissed upon the ground that this court had no jurisdiction of the subject matter. Under the circumstances, the order terminating probation was and is in full force and effect and the circuit court of the third circuit obviously is without jurisdiction to entertain a motion to terminate what has already been terminated. Hence, the temporary writ of prohibition should be made permanent and it is so ordered.

*R. F. Matsumura* and *N. K. Chung* appeared for petitioner but filed no briefs.

*M. N. Olds,* Deputy County Attorney, Hawaii County (also on the brief), for respondents.